GEORGE LAWS

*v.*

ELIHU WILLIAMS et ux.

[Filed October 17th, 1898.]

Where an executor and trustee, under a will probated in the surrogate's court of New York, was found, in a compulsory accounting in that court, to be indebted in a certain sum to a devisee under the will, and the trustee invested said sum in land in New Jersey, in his own name, and transferred title to his wife, the devisee was entitled to have said sum declared a lien on the land, without first obtaining a personal money judgment against the trustee in New Jersey.

Motion to strike out bill for want of equity.

*Mr. William D. Daly*, for the motion.

*Mr. Frank P. McDermott, contra.*

PITNEY, V. C.

The bill alleges that the defendant Elihu Williams is the sole acting executor and trustee under the will of one George Laws, of New York, by virtue of letters testamentary issued upon said will by the surrogate of the city and county of New York; that $4,000 of the estate was set aside by the testator as

a fund for the use of a certain person for life, and after the death of the tenant for life then to go, in part, to the complainant. It further sets out the death of the tenant for life and a compulsory accounting in the surrogate's court of the city of New York, in which a sum of over $3,000 was found due from the executor to the complainant. It further alleges that the whole of this fund of nearly $4,000 was invested by the executor in the purchase, in his own name, of certain real estate specifically described, situate in the county of Monmouth, which real estate the defendant Elihu Williams afterwards conveyed, through an intermediary, to his wife, the other defendant, Albina Williams. The prayer is that the complainant's share of the funds of the estate, ascertained by the decree of the surrogate of New York, may be declared to be a lien upon those lands, notwithstanding the conveyance to the wife, which is alleged to be without consideration and fraudulent. The equity of the complainant consists in the fact that his funds were invested by the trustee in the purchase of lands and the title taken in his own name.

It is objected by the counsel of defendants that preliminary to relief there should have been a suit brought in the courts of this state and a judgment obtained against Williams, and that the decree of the surrogate of New York cannot be dealt with by this court as a judgment which gives the complainant a lien upon the lands of Williams in this state.

The complete answer to that is that the complainant's equity does not rest upon a lien obtained or sought to be obtained by a judgment, but upon the fact that his funds, with others, were invested in this land. The function of the New York decree is simply to establish the fact that the funds in question did belong, to an ascertained extent, to the complainant. That being established conclusively by the decree in the New York court, the right of the complainant to follow those funds in whatever shape the trustee may have put them is a matter of course. *2 Lew. Trusts (by Flint) 892.*

The motion to strike out is denied, with costs.